SAVIN *v.* GHOLSON.

(Decided July 22, 1935.)

. *Messrs. Pogue, Hoffheimer & Pogue, Mr. J. A. Culbertson* and *Mr. Charles P. Taft, 2nd,* for plaintiff in error.

*Mr. Simeon M. Johnson* and *Mr. Frederick W. Johnson,* for defendant in error.

MIDDLETON, P. J.  In disposing of the matters involved in this proceeding we have deemed it more convenient to first take notice of the cross petition in error of the defendant in error, Edwin Gholson.

The facts which appear from the pleadings, briefly stated, are that on the 17th of November, 1922, Gholson made a written lease to the plaintiff in error, Sam Savin, by the terms of which Gholson leased to Savin for the period of ten years beginning December 1, 1922, a certain five-story brick building situate in the city of Cincinnati, fronting twenty feet on the north side of Sixth street between Main and Walnut streets. Under the terms of the lease Savin was to pay a rental of $3,000 per year, and in addition to that rental he assumed, in the language of the lease, the following obligations:

"To pay the rent above reserved, as above specified; to pay all taxes, rates, charges and assessments of every kind now a lien or that may at any time during this demise be levied, rated, charged or assessed on said premises, or any part thereof for any purpose whatsoever except the taxes due and payable in December, 1922."

It appears from the record that Savin took possession of the property and continued in possession until July 22, 1927, when he assigned his rights under the lease to one Frederick W. Garber, who assumed all liability for the faithful performance imposed by the lease on the lessee, but the lessor did not release Savin from his obligations under the lease. At the expiration of the lease on November 30, 1932, Garber failed to continue the payment of rental, and the property reverted to the lessor, Gholson. Gholson instituted this action in the Court of Common Pleas against Savin, and among other claims made in his petition and amended petition was the claim for $1,141.74 for the taxes due on the premises for the year 1932. In the trial the court directed a judgment on said issue in favor of Savin. To this judgment Gholson filed a cross petition in error, and in that cross petition made the claim that under the provisions of Section 5671, General Code, the taxes for that year were a lien on the premises and had been a lien since April 10, 1932.

The rights of the parties in this controversy must be determined from the provisions of the lease. Independent of what the various code provisions may be in respect to taxes, and a lien thereof on real estate for their payment, the court must determine from the lease itself what the actual agreement was between the parties and what obligations by the terms of the lease were imposed upon the lessee for the payment of taxes. It would seem from the plain provisions of the lease, in the parts thereof as quoted above, that the parties

did not have in mind any alleged rights or obligations that each might have under the provisions of Section 5671, General Code. The lease provided first for the payment of all taxes, rates, charges and assessments then a lien on said premises. Manifestly this provision could apply and did apply only to taxes, rates, charges and assessments that became a lien in the year 1922. Had it been the intention of the parties that the items specified should be paid when they became a lien on the premises subsequent to that time a few appropriate words would have accomplished that purpose; but the parties then adopt language wholly different from that which they had employed in respect to liens in the first instance. The lease then provides that the lessee shall pay the items named, which included taxes, when the same during the term of the lease should be ''levied, rated, charged or assessed.''

The amount of taxes claimed was for the year 1932, and those taxes were not legally levied, rated, charged or assessed until the tax list made by the county auditor was completed by him and a duplicate thereof was duly delivered to the county treasurer. Under the evidence this was not accomplished until December of that year, after the lease had ended. It seems to us that the lessor wholly abandoned all claims under liens when he expressly made the existence of a lien apply only to the taxes for 1922, and immediately thereafter made taxes subject to payment by the lessee only such as were levied, rated, charged, or assessed during the term of the demise. This provision may be interpreted to apply only to an actual levy or charge or assessment, and to be legal they must not only take effect during the term of the lease, but at such time be due and payable. It is not necessary, in our opinion, to refer in detail to the various steps necessary to be taken by the county commissioners, the county auditor, the state tax commission, or any other official con-

nected with the apportionment of taxes for collection. It is only when the auditor has finally prepared the list and has delivered to the county treasurer a duplicate copy thereof that the matter of taxes for the year is a finality.

The judgment in respect to this claim is affirmed.

Referring now to the petition in error of the plaintiff in error, we find but one remaining issue, as pleaded in the petition of Gholson, to be discussed. That issue is the claim of waste pleaded in the petition as a third cause of action. It is charged in that cause of action that the lessee by his negligent acts and want of proper care wasted and destroyed the rented property, to the plaintiff's damage, in the amount of $3,000. The verdict of the jury on this issue was for two-thirds of this amount, or $2,000. It is now vigorously contended by Savin that the trial court erred in its general charge to the jury in defining to them the measure of damages by which this claim for waste was to be determined and the amount of damage fixed in money. The court charged the jury on this issue as follows:

"The measure of damage in this case is compensation and you will determine what sum will justly and fairly compensate the plaintiff, if you find by the preponderance of the evidence he is entitled to compensation. In this connection you may consider the reasonable cost and expense of putting the building in the condition it was at the time when it was leased, reasonable wear and tear excepted."

It would serve no purpose to enter a discussion of the measure of damage, as above given, in connection with the measure of damage as claimed by the plaintiff in error. It is sufficient to say that the trial court followed the rule approved and announced in the case of *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church of Toledo,* 126 Ohio St., 140, 184

N. E., 512, and particularly the rule as exemplified by the court in its opinion at page 150 thereof. Manifestly it was the duty of the trial court to follow that rule, which is the last expression of the Supreme Court on this particular question, and it is likewise the duty of this court to approve the action of the trial court in so doing. It follows that there is nothing further that may be said here pertinent to this question.

Savin complains further in respect to the giving of certain special instructions. We have examined this complaint and do not regard it well founded in respect to any of the instructions complained of. The most substantial of the complaints to the special instructions lead right back to the question of the measure of damages.

We come now to consider a complaint of a more serious nature. During the trial the court admitted in evidence two letters or communications from Gholson: one to the sub-lessee, Garber, under date of September 28, and one to Savin, the lessee, under the same date, to which was attached a copy of the letter to Garber. Both of said documents, marked exhibits six and seven, were improperly admitted in evidence. The admission in evidence to the jury of the contents of exhibit six, which was the letter to Garber, was particularly objectionable. We quote as illustrative of the character of the letter the following extract from its contents:

"I should say that it would easily cost $100.00 to replace even these, and several thousand dollars wouldn't restore the property to the condition in which it was when I turned it over to Mr. Savin."

Ordinarily we would not hesitate to reverse a judgment for the error thus committed in the admission of said exhibits. Considering, however, the cause as a whole it is our opinion that the judgment rendered by the court did substantial justice to both parties and

that it is our duty so to certify under favor of Section 11364, General Code. If the theory under which the case was given to the jury in the Court of Common Pleas correctly solves the rights of the parties the admission of the offending exhibits did not work any particular wrong or injury, for what was therein said went to the jury in other evidence. It is our conclusion, of course, that the construction or interpretation of law as made by the trial court was correctly applied to the case, and if for a matter entirely foreign to the real issue the case is reversed it leaves all the debatable questions remaining unsettled and without disposition.

A judgment entry may be prepared by counsel for defendant in error, which must include the certificate hereinbefore referred to, and, if approved by all of counsel, it may be entered on the journal without submitting it to this court for approval.

*Judgment affirmed.*

BLOSSER and McCURDY, JJ., concur.

MIDDLETON, P. J., BLOSSER and McCURDY, JJ., of the Fourth Appellate District, sitting by designation in the First Appellate District.